UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CORY DAVID BROWN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-354-GSL-APR |
| SHAFER, et al., | |
| Defendants. | |

OPINION AND ORDER

Cory David Brown, a prisoner without a lawyer, filed a complaint with three unrelated claims. ECF 1. The complaint alleges he was placed in a holding cell for nine hours on February 17, 2024, where he was forced to sit or stand in a shower and was not given water or allowed to use the bathroom for the first six to seven hours. Brown also alleges that on March 8, 2024, he was given a shower but then was refused one for the next five days. Finally, he alleges that on March 13, 2024, an inmate flooded the ranges with water that contained urine and feces, and he was forced to eat food from a cart that had been pushed through those puddles of water. These events are discrete and involve different defendants.[1]

---

[1] Brown attempts to tie Warden English to multiple events by stating the Warden was "aware" of these events. ECF at 1. Similarly, Brown attempts to tie Commissioner Christina Reagle to these events because she "runs" the Indiana Department of Correction. ECF 1. These vague allegations are insufficient to support Brown's claims. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages solely because they hold supervisory positions).

Unrelated claims belong in different lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As the Seventh Circuit has explained:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner. . . . M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

*Id.*; *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017) (observing that prisoner-plaintiff's "scattershot strategy" of filing an "an omnibus complaint against unrelated defendants . . . is unacceptable"). The Seventh Circuit has urged district courts to be alert to this issue both to "ensure manageable litigation" and to prevent prisoners from avoiding the requirements of the Prison Litigation Reform Act. *Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021). When a plaintiff files a complaint with unrelated or mis-joined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (District courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants.").

Brown needs to decide which claim he wants to bring in this case. To do so, he must file an amended complaint with this cause number written in the caption containing only related claims. If he wants to pursue any other claims, he must file a separate complaint for each unrelated group of claims. The complaint(s) must be on the

2

court's approved form, which can be found in his prison law library. He is advised that each separate complaint he submits will incur a filing fee.

For these reasons, the court:

(1) GRANTS Cory David Brown until **June 5, 2024**, to file an amended complaint as described above; and

(2) CAUTIONS Cory David Brown if he does not respond by the deadline, the court will select a claim and dismiss the others.

SO ORDERED on May 1, 2024.

                                            s/ Gretchen S. Lund
                                            JUDGE
                                            UNITED STATES DISTRICT COURT